IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**LEO WALES**                                                                                       **PETITIONER**

**V.**                                                **CIVIL ACTION NO. 3:19CV91 DPJ-LRA**

**BARBARA JAMES**                                                                            **RESPONDENT**

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Leo Wales filed a petition for writ of habeas corpus relief on February 4, 2019. Respondent asserts that the petition is time-barred pursuant to 28 U.S.C. section 2244(d) under the Antiterrorism and Effective Death Penalty Act of 1996. Alternatively, Respondent argues that Petitioner's claims are procedurally defaulted. As a thorough review of the record supports the Respondent's contentions, the undersigned recommends that the petition be dismissed with prejudice.

On or about November 19, 2009, Wales was tried in absentia in the Circuit Court of Hinds County, Mississippi, for two counts of aggravated assault (Counts I and III) and two counts of armed robbery (Counts II and IV). He was convicted and sentenced to a 20-year term on Count 1, to run concurrently with all counts; a 40-year term for Count II, to run concurrently with all counts; a 20-year term for Count III, to run consecutively to Count IV and concurrently with Counts I and II; a 40-year term for Count IV, to run consecutively to Count III and concurrently with Counts I and II, and, five years on each count consecutively, pursuant to a firearm enhancement, for a total term of 80 years imprisonment to be served in the custody of the Mississippi Department of Corrections.

Aggrieved, Wales appealed. The Mississippi Supreme Court affirmed his conviction and sentence on September 29, 2011. *Wales v. State*, 73 So. 3d 1113 (Miss. 2011). Wales was granted additional time until October 27, 2011, to file a motion for rehearing, but he failed to do, forfeiting his right to further discretionary review. *Nobles v. Epps*, No. 3:05CV600 BS, 2006 WL 1766770 (S.D. Miss. June 23, 2006); *Roberts v. Cockrell*, 319 F.3d 690, 693 n.14 (5th Cir. 2003). On July 30, 2018, Wales filed an application for post-conviction relief (signed July 17, 2018) in the Mississippi Supreme Court. The motion was denied as untimely on September 26, 2018.[1]

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on state prisoners filing a federal habeas petition. Under 28 U.S.C. § 2244(d)(1), AEDPA provides that the statute of limitations shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[1] ECF No. 10-4, p. 1.

>   (d)(1)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).  Thus, unless the narrow exceptions of § 2244(d)(1)(B)-(D) apply, a federal habeas petition must be filed within one year of the final judgment of the defendant's conviction, subject to tolling for the period when a properly filed motion for post-conviction relief is pending in state court.  *See Madden v. Thaler,* 521 F. App'x 316 (5th Cir. 2013).  AEDPA's statute of limitations period may also be equitably tolled if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing."  *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotations and citations omitted); *see also Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (equitable tolling may apply to extend the one-year statute of limitations period, but only in rare and exceptional circumstances).

For AEDPA purposes, a petitioner who fails to file a petition for rehearing is still credited with the 14-day filing period permitted under state law.  M.R.A.P. 40(a); *see also Roberts,* 319 F.3d at 694 ("decision becomes final 'by the conclusion of direct review or the expiration of the time for seeking such review'") (quoting § 2244(d)(1)(A)).  However, as noted, Wales was granted a 30-day extension of time until October 27, 2011, in which to file a petition for rehearing.[2]  Although he failed to do so, his conviction

---

[2] ECF No. 11-7.

became final on October 27, 2011—the date the extension expired.³ Thus, to toll the statute of limitations, Wales was required to file a "properly-filed" motion for post-conviction collateral relief in state court on or before October 29, 2012. Because no "properly-filed" motion was filed prior to the date, AEDPA's one-year statute of limitations ran uninterrupted from October 27, 2011, to October 29, 2012. *See Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999) (expired limitations period cannot be revived by filing a state habeas petition). Absent equitable or statutory tolling, the instant petition filed on February 4, 2019 (signed December 12, 2018) is untimely.

In his petition, Wales asserts that he "seeks timely review and remedy in this Court because the convictions and sentences are unconstitutional and the Petitioner is actually innocent of the offenses for which he currently stands convicted and sentenced."⁴ However, actual innocence itself is not a free-standing ground for habeas corpus relief. *Floyd v. Vannoy*, 894 F.3d 143, 155-58 (5th Cir. 2018), *cert. denied*, 139 S.Ct. 573 (2018); *Reed v. Stephens*, 739 F.3d 753, 766 (5th Cir. 2014). Actual innocence claims provide only "a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Herrera v. Collins*, 506 U.S. 390, 404 (1993). To open the gateway to federal habeas review, a petitioner must: (1) present "new reliable evidenceCwhether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence"; (2) "that was not

---

³ *Roberts*, 319 F.3d at 693 n.14.

⁴ ECF No. 1, p. 10.

4

presented at trial;" and (3) must show, that in light of this new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 537 (2006), *citing Schlup v. Delo,* 513 U.S. 298, 329 (1995).

Wales, who was tried and convicted in absentia, has not met this high burden here. Apart from asserting his innocence, he has not presented any new, reliable evidence to this Court to demonstrate more likely than not that a reasonable juror would not have convicted him had his actual innocence claims been presented at trial. Nor has he shown that no reasonable juror would have convicted him based on "all of the evidence, old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial." *Stephens*, 739 F.3d 763, 767. Rather, his central claim is that the State failed to sufficiently identify him as one of the perpetrators—a claim undermined by both the victim's identification and the evidence presented at trial.

Nearly seven years passed between the statute of limitations deadline and the filing of the instant petition. Wales offers no persuasive explanation for his failure to file before now. None of AEDPA's other statutory exceptions are alleged, nor are they applicable, and none of Petitioner's remaining arguments are relevant to the timeliness of his federal habeas petition. In the absence of any evidence warranting statutory or equitable tolling, the Court finds Petitioner's habeas petition is time-barred by 28 U.S.C. section 2244(d)(1)(A) and should be dismissed with prejudice. Because the Court so finds, it need not reach the issue of procedural default.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections. Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. section 636, Fed. R. Civ. P. 72(b); *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted on November 27, 2019.

s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE
